**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000822
15-SEP-2014
08:13 AM**

NO. CAAP-14-0000822

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

WELLS FARGO BANK, N.A. TRUSTEE POOLING
AND SERVICING AGREEMENT DATED AS OF APRIL 1, 2005
ASSET-BACKED PASS-THROUGH CERTIFICATES SERIES 2005-WHQ2,
Plaintiff-Appellee,
v.
CONSTANCIO A. SUNIGA, JR., CORAZON MORALES SUNIGA,
Defendants-Appellants,
and
JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-50,
DOE CORPORATIONS 1-50, AND GOVERNMENTAL UNITS 1-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 11-1-0332)

ORDER GRANTING AUGUST 6, 2014 MOTION TO
DISMISS APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, Chief Judge, Fujise and Reifurth, JJ.)

Upon review of (1) the motion to dismiss appeal for
lack of appellate jurisdiction filed on August 6, 2014 (motion to
dismiss) by Plaintiff-Appellee Wells Fargo Bank, N.A., Trustee
Pooling and Servicing Agreement Dated as of April 1, 2005 Asset-
Backed Pass-Through Certificates Series 2005's (Appellee Wells
Fargo Bank), (2) the lack of any memorandum in opposition to
Appellee Wells Fargo Bank's motion to dismiss appeal, and (3) the
record, it appears that we do not have appellate jurisdiction
over this appeal that Defendants-Appellants Constancio A. Suniga,
Jr., and Corazon Morales Suniga (the Suniga Appellants) have
asserted from the Honorable Randal B. Valenciano's April 8, 2014
judgment on a decree of foreclosure, because the Suniga
Appellants' May 12, 2014 notice of appeal is untimely under

Rule 4(a)(1) of the Hawai'i Rules of Appellate Procedure (HRAP).

The April 8, 2014 judgment on a decree of foreclosure is an appealable judgment pursuant to Hawaii Revised Statutes (HRS) § 667-51(a)(1) (Supp. 2013). However, "[w]hen a civil appeal is permitted by law, the notice of appeal shall be filed within 30 days after entry of the judgment or appealable order." HRAP Rule 4(a)(1). In violation of HRAP Rule 4(a)(1), the Suniga Appellants did not file their May 12, 2014 notice of appeal within thirty days after entry of the April 8, 2014 judgment on a decree of foreclosure. Therefore, the Suniga Appellants' May 12, 2014 notice of appeal is untimely under HRAP Rule 4(a)(1). The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of [the HRAP]."); HRAP Rule 26(e) ("The reviewing court for good cause shown may relieve a party from a default occasioned by any failure to comply with these rules, except the failure to give timely notice of appeal."). Consequently, we lack appellate jurisdiction over this case. Therefore,

IT IS HEREBY ORDERED that Appellee Wells Fargo Bank's August 6, 2014 motion to dismiss appeal for lack of appellate jurisdiction is granted, and appellate court case number CAAP-14-0000822 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, September 15, 2014.

Chief Judge

Associate Judge

Associate Judge